Grant T. Engrav
grant@engravlawoffice.com
Engrav Law Office, LLP
1500 SW 1st Ave, Ste 1700
Portland, OR 97201
Telephone: (971) 339-2741
Facsimile: (971) 275-1218

*Attorney for Plaintiff Jeffery Chen*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **JEFFERY CHEN**, an individual,<br><br>     Plaintiff,<br><br>v.<br><br>**LAKE HEALTH DISTRICT,** a municipal corporation *dba* **LAKE DISTRICT HOSPITAL**; and **LANDON DYBDAL,** an individual,<br><br>     Defendants. | Case No.<br><br>COMPLAINT<br>(ORS 659A.030(1)(a), Race Discrimination;<br>ORS 659A.030(1)(b), Race Discrimination;<br>ORS 659A.030(1)(g), Aiding and Abetting Unlawful Employment Practices;<br>42 U.S.C. 1983/1981—Race Discrimination<br>Whistleblower Retaliation: ORS 659A.199<br>Discrimination for Reporting Health Care Standards:  ORS 659A.233; Breach of Contract<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Jeffery Chen ("Plaintiff") alleges:

**PRELIMINARY STATEMENT**

Plaintiff brings this action for monetary damages, civil penalties, and statutory penalties under 42 U.S.C. §§ 1981 and 1983, and the United States Constitution.  Plaintiff seeks redress for

PAGE 1 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

injuries he sustained from Defendant Lake District Hospital's unlawful employment discrimination against him because of his race, and Defendant Lake District Hospital's and Mr. Dybdal's retaliation against Plaintiff for making a qualifying report of an incident that was unlawful and contrary to Oregon State regulation.

## JURISDICTION

1.

This Court has jurisdiction over the subject matter and the parties under to 28 U.S.C. §§ 1331, 1343 conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, 42 U.S.C. §§ 1981 and 1983.

2.

This Court has supplemental jurisdiction over the related state claims under 28 U.S.C. § 1367. Plaintiff's claims pursuant to the Oregon Unlawful Discrimination Statute in ORS Chapter 659A are related, as all of Plaintiff's claims share common operative facts and arise out of the employment of Plaintiff, by Defendant. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

## INTRADISTRICT ASSIGNMENT AND VENUE

3.

Venue is proper in the United States District Court for the District of Oregon, Medford Division, as the unlawful employment practices, and all relevant conduct occurred in Lake County, Oregon. 28 U.S.C. § 1391(b)(2).

/ / /

PAGE 2 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

## PARTIES

4.

At all material times, Defendant Lake Health District, a municipal corporation, d/b/a Lake District Hospital, ("Lake District Hospital") was an Oregon municipal corporation and domestic nonprofit corporation, registered with the Oregon Secretary of State and conducting business in the state of Oregon.

5.

At all material times, Plaintiff Jeffery Chen was an individual residing partly in Oregon and Partly in Washington. At all material times, Plaintiff was one of two physicians of Asian descent at Lake District Hospital.

6.

Lake District Hospital owns and operates a 24-bed acute care hospital in Lake County.

7.

At all material times, Defendant Landon Dybdal ("Landon Dybdal") was the registered President and an employee of Lake District Hospital. At all material times, Landon Dybdal was authorized to act on Lake District Hospital's behalf.

8.

Plaintiff Issued a Tort Claim Notice to Defendant Lake District Hospital on or about February 11, 2025.

## GENERAL ALLEGATIONS

9.

Plaintiff was hired by Defendant Lake District Hospital on or about April 2021. He worked for Defendant Lake District Hospital on a part time basis until his employment was terminated on

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

or December 10, 2024. Plaintiff was initially brought into Lake District Hospital as a physician by Lake District Hospital's former CEO, Charles Tveit. Around this time, Plaintiff and Lake District Hospital entered into a formal professional services agreement that included express terms of the working relationship (the "Agreement"). An executed copy of the Agreement is understood to be in the possession of Lake District Hospital. Pursuant to the Agreement, Plaintiff would provide physician services to Lake District Hospital and be paid a daily rate plus a bonus, as well as additional compensation for other services provided to Lake District Hospital patients.

10.

In or around March 2022, Plaintiff and Mr. Tveit renegotiated the compensation terms of the Agreement and agreed to a new compensation model on March 9, 2022. Plaintiff and Mr. Tveit enjoyed a good working relationship, and Plaintiff continuously received positive feedback from his patients, fellow staff, HR, and colleagues. Plaintiff also developed excellent relationships with his patients and provided compassionate, quality care.

11.

Over the course of Plaintiff's employment, he regularly spent half of the year in Lakeview, Oregon, where he had a Lakeview library card, regularly went hunting and fishing, was a member of the local gym, played tennis at the high school, regularly played pool at the local tavern, and ate at the local restaurants.

12.

In or around April 2024, Landon Dybdal ("Mr. Dybdal") joined Lake District Hospital as its new CEO.

13.

PAGE 4 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

Plaintiff was scheduled at Lake District Hospital on December 9, 2024, and December 10, 2024. He performed services on-site for both days that he was scheduled. Leading up to these dates, he had not received any discipline, and did not have any reason to believe his employment would be impacted.

14.

During the workday while Plaintiff was seeing patients, on December 10, 2023, he was summoned to a room by Mr. Dybdal and terminated without warning. The Pretextual reasons for termination that were offered by Mr. Dybdal were that Dr. Chen didn't live in Lakeview and Lake District Hospital wanted their providers to be part of the "Lakeview community".

15.

Plaintiff still had patients scheduled that day, on December 10, 2024, however, Lake District Hospital immediately revoked his access to patient medical records. Then on the following day, Lake District Hospital's Compliance Officer escorted Plaintiff off the premises without explanation.

16.

Within the two days following Plaintiff's termination, Mr. Dybdal notified Plaintiff that he was required to vacate from his temporary Lakeview residence by January 10, 2025. Plaintiff again was blindsided and placed in a difficult situation for no ascertainable, and non-discriminatory reason. Since he had been traveling to Lakeview for several years and spent half of the year in Lakeview, Plaintiff had a lot of personal items at his temporary residence, many of which were large items like motorcycles, a 4-wheeler, and a safe.

17.

PAGE 5 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

On December 12, 2024, Mr. Dybdal sent an email to all the employed Lake District Hospital staff members announcing the sudden termination of Plaintiff (as well as his co-worker Dr. Chang). Mr. Dybdal's email provides in relevant part:

> As you might have heard, we had some recent changes this week with some of the physicians here at the hospital. I understand that there may be some unease due to the departure of Dr. Chang and Dr. Chen.
>
> We did not have a lot of time to communicate these changes in advance. For that, we apologize. We understand that it may be difficult for some of you to process these changes, and we hear your concerns and sympathize with you.
>
> Please know that these changes, while hard decisions for all parties involved, were made with the best interests in mind for the hospital and for our community. We very much appreciate the contributions of the doctors and the positive impact they've had on our patients over the years. However, we strongly believe that our town deserves physicians who are not just employed here, but invested in our community by living here, integrating here, and contributing to the tightly knit fabric of hard-working, caring people that make up Lakeview. People that look after each other because that's who we are, not just what we're paid to do. People who will help you change a tire or give you a helping hand when times are tough.
>
> As part of this community, and as leaders here at this hospital, we will continue to be transparent and open with everyone as we move forward through this difficult time.
>
> We are working diligently to reschedule our patients with our other physicians, and we will continue to provide the best patient care we can. Delivering excellent patient care, with empathy and compassion, is the driving force behind all we do.

The communication sent by Mr. Dybdal invoked Lake District Hospital's new, discriminatory policy which excluded Asians as non-white individuals. Dr. Chang and Dr. Chen, as men of Asian heritage, were singled out, disparaged by the suggestion that they quit the hospital on short notice, and humiliated by the thinly veiled inference that they were not individuals who work hard and cared for others.

18.

Prior to Plaintiff's termination, he and Mr. Dybdal had never discussed any concerns with where Plaintiff resided or Plaintiff's community involvement. On information and belief, Mr.

PAGE 6 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

Dybdal and Dr. Chang had also never discussed any concerns regarding where Dr. Chang resided or his community involvement other than during Dr. Chang's termination.

19.

Upon information and belief, Defendants had caused another provider of Asian race to terminate their employment with the hospital shortly before December 2024.

20.

Plaintiff was blindsided, humiliated, and baffled by his termination. He had not been provided with any notice or other indication that his services would be terminated, and he was terminated in the middle of treating patients, two of whom he had yet to see for the day. Plaintiff had also never received any sort of discipline or had anyone show any concern or care about where he lived prior to his termination. Plaintiff was extremely concerned for the wellbeing of his patients, whether they would receive timely treatment, and whether information that was important to their care would be handed off in an appropriate manner.  Plaintiff was also concerned with the likelihood of medical errors given the poor continuity of care practice, and whether that would result in any personal liability or complaints to the relevant health licensing authorities.

21.

On February 7th, 2025, Plaintiff formally requested his personnel file from Lake District Hospital pursuant to ORS 652.750, including copies of any documents he signed upon termination. In its response, Defendant disputed Dr. Chen's employment status.  The records submitted by counsel for Lake District Hospital did not contain any disciplinary records for Plaintiff.

22.

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

Following termination, Dr. Chen made efforts to attempt to obtain replacement work. In May, of 2025, Dr. Chen was able to procure a replacement position. Dr. Chen estimates his wage loss at $25,000 per month, for an amount not to exceed $150,000.

23.

As a result of Plaintiff's termination, he was without work and was forced to spend money on various out-of-pocket expenses, including but not limited to, moving expenses and attorney services. He also suffered and continues to suffer non-economic damages that significantly interrupted his life and substantial harm to his personal and work reputation. Dr. Chen estimates his non-economic damages to be an amount not to exceed $400,000.

**CLAIMS FOR RELIEF**

**First Claim for Relief – Unlawful Discrimination on the Basis of Race – Employment Status (Against Defendant Lake District)**
(Violation of ORS 659A.030(1)(a))

24.

Plaintiff realleges and incorporates the above paragraphs as if set forth herein.

25.

Plaintiff is Asian, and therefore is a member of a protected class on the basis of race.

26.

Plaintiff was performing his job in a satisfactory manner.

27.

Defendant discharged Plaintiff from his employment because of Plaintiff's race.

28.

PAGE 8 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

Similarly situated employees outside Plaintiff's protected class were not discharged under similar circumstances.

28.

Defendant's conduct constitutes an unlawful employment practice in violation of ORS 659A.030(1)(a).

30.

As a direct and proximate result of Defendant's actions alleged herein, Plaintiff has suffered economic loss in the form of lost wages and out of pocket expenses in an amount to be proven at trial, plus interest, not to exceed $150,000.

31.

As a direct and proximate result of Defendant's actions as alleged herein, Plaintiff has suffered non-economic damages in the form of loss of reputation, emotional and mental distress, embarrassment, and humiliation for which Plaintiff seeks compensation in an amount to be proven at trial, not to exceed $500,000.

32.

Plaintiff has hired legal counsel to prosecute his claim and is entitled to reasonable attorneys' fees and costs incurred, including expert witness fees, pursuant to ORS 659A.885.

**Second Claim for Relief – Unlawful Discrimination on the Basis of Race – Terms, Conditions, and Privileges of Employment**
**(Against all Defendants)**
**(**Violations of ORS 659A.030(1)(b))

33.

Plaintiff realleges and incorporates the above paragraphs as if set forth herein.

34.

PAGE 9 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

Defendants treated Plaintiff differently in the terms, conditions, and privileges of his employment. Defendants made Plaintiff's termination public and included humiliating and disparaging remarks about Plaintiff's character. Defendants also imposed discriminatory restrictions on Plaintiff's employment, including requirements that he reside in Lakeview, Oregon, own a home there, and/or not work part-time.

35.

The public and disparaging natures of Plaintiff's termination were not applied to other similarly situated employees outside Plaintiff's protected class.

36.

The restrictions that were applied to Plaintiff's employment were not applied to similarly situated employees outside Plaintiff's protected class.

37.

As a direct and proximate result of Defendants' actions alleged herein, Plaintiff has suffered economic loss in the form of lost wages and out of pocket expenses in an amount to be proven at trial, plus interest, not to exceed $150,000.

38.

As a direct and proximate result of Defendants' actions as alleged herein, Plaintiff has suffered non-economic damages in the form of loss of reputation, emotional and mental distress, embarrassment, and humiliation for which Plaintiff seeks compensation in an amount to be proven at trial, not to exceed $500,000.

39.

Plaintiff has hired legal counsel to prosecute his claim and is entitled to reasonable attorneys' fees and costs incurred, including expert witness fees, pursuant to ORS 659A.885.

PAGE 10 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

**Third Claim for Relief - Aiding, Abetting, and/or Inciting Unlawful Employment Practices (Against Defendant Mr. Dybdal)**
(Violation of ORS 659A.030(1)(g))

40.

Plaintiff realleges and incorporates the above paragraphs as if set forth herein.

41.

As set forth in detail above, Defendant Mr. Dybdal aided, abetted and/or incited unlawful discrimination against Plaintiff by Lake District Hospital and their agents.

42.

Defendant Mr. Dybdal helped, assisted, and/or facilitated the commission by Lake District Hospital, their agents, and each other of unlawful discrimination against Plaintiff resulting in his being subjected to racial discrimination and wrongful termination by Lake District Hospital. Defendants did so while intending to cause Plaintiff harm or were substantially certain that their actions would cause Plaintiff harm.

43.

Defendant Mr. Dybdal also helped advance and/or bring about and/or encouraged, and/or counseled and/or incited unlawful discrimination against Plaintiff by Lake District Hospital, their agents, resulting in resulting in him being subjected to racial discrimination and wrongful termination by Lake District Hospital. Defendants did so while intending to cause Plaintiff harm or were substantially certain that their actions would cause Plaintiff harm

44.

Defendant Mr. Dybdal violated Oregon Revised Statute 659A.030(1)(g) by aiding, abetting and/or inciting unlawful discrimination and wrongful termination against Plaintiff, causing Plaintiff to suffer damages

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

45.

As a direct and proximate result of Defendants' actions alleged herein, Plaintiff has suffered economic loss in the form of lost wages and out of pocket expenses in an amount to be proven at trial, plus interest, not to exceed $150,000.

46.

As a direct and proximate result of Defendants' actions as alleged herein, Plaintiff has suffered non-economic damages in the form of loss of reputation, emotional and mental distress, embarrassment, and humiliation for which Plaintiff seeks compensation in an amount to be proven at trial, not to exceed $500,000.

47.

Plaintiff has hired legal counsel to prosecute his claim and is entitled to reasonable attorneys' fees and costs incurred, including expert witness fees, pursuant to ORS 659A.885.

**Fourth Claim for Relief – Wrongful Discharge**
**(Against all Defendants)**

48.

Plaintiff realleges and incorporates the above paragraphs as if set forth herein.

49.

Defendants terminated Plaintiff's employment based on Plaintiff's race.

50.

Defendants terminated Plaintiff's employment in violation of public policy.

51.

PAGE 12 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

As a direct and proximate result of Defendants' actions alleged herein, Plaintiff has suffered economic loss in the form of lost wages and out of pocket expenses in an amount to be proven at trial, plus interest, not to exceed $150,000

52.

As a direct and proximate result of Defendants' actions as alleged herein, Plaintiff has suffered non-economic damages in the form of loss of reputation, emotional and mental distress, embarrassment, and humiliation for which plaintiff seeks compensation in an amount to be proven at trial, not to exceed $500,000.

53.

Plaintiff has hired legal counsel to prosecute his claim and is entitled to reasonable attorneys' fees and costs incurred, including expert witness fees, pursuant to ORS 659A.885.

**Fifth Claim for Relief – Race Discrimination in the Making and Enforcement of Contracts (Against All Defendants)**
(Violation of Rights Secured by 42 U.S.C. § 1981)

54.

Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

55.

At all material times, Plaintiff was employed by Defendant Lake District Hospital as a physician pursuant to contractual employment relationships, and/or held contractual medical staff privileges with Lake District Hospital.

56.

Plaintiff is Asian and a member of a racial minority protected under 42 U.S.C. § 1981.

PAGE 13 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

57.

At all material times, Defendant Lake District Hospital was a public hospital district and a municipal entity organized under the laws of the State of Oregon, and thus a "person" acting under color of state law within the meaning of 42 U.S.C. § 1983.

58.

42 U.S.C. § 1981 secures to Plaintiff the same right to make and enforce contracts, and to enjoy all benefits, privileges, terms, and conditions of the contractual relationship, as is enjoyed by white citizens, free from intentional race discrimination.

59.

Acting under color of state law, Defendant, through its policymakers, managers, and agents, intentionally discriminated against Plaintiff on the basis of race in the making, performance, and termination of their employment and/or staff contracts, including by: (a) terminating Plaintiff's employment and/or failing to renew their contracts or privileges; and (b) denying Plaintiff the benefits, privileges, terms, and conditions of their contractual relationships on equal terms as a non-Asian physician.

60.

Defendant Dybdal personally participated in and caused the discriminatory actions alleged herein, including by authoring and/or approving communications expressing a preference for "doctors from the area," by recommending and/or approving the termination and/or non-renewal of Plaintiff's employment and/or privileges, and by taking adverse actions against Plaintiff because of Plaintiff's race. Defendants' discriminatory actions were taken because of Plaintiff's race and would not have occurred but for Plaintiff's race.

61.

PAGE 14 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

The race discrimination alleged herein was carried out pursuant to, and was caused by, Defendants' policies, customs, and/or practices, and/or by decisions and actions of officials with final policymaking authority for Defendant with respect to physician employment and staffing, thereby rendering Defendants liable under 42 U.S.C. § 1983.

/ / /

62.

As a direct and proximate result of Defendant's violation of Plaintiff's rights secured by 42 U.S.C. § 1981, enforceable through 42 U.S.C. § 1983, Plaintiff has suffered and continue to suffer lost wages, damage to professional reputation, emotional distress, and other non-economic harm, in amounts to be proven at trial. Plaintiff's damages are in an amount not to be proved at atrial but estimated to not exceed $650,000.

63.

Plaintiff is entitled to recover compensatory damages, and, against any individually named defendants sued in their individual capacities, punitive damages, in amounts to be determined at trial.

64.

Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of their reasonable attorney's fees and costs incurred in prosecuting this action.

### Sixth Claim for Relief – Whistleblower Retaliation
**(Against Defendant Lake District Health)**
(Violation of ORS 659A.199)

65.

PAGE 15 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

66.

Lake District Hospital has taken multiple different positions in regard to the termination of Dr. Chen. One of the explanations is that Dr. Chen was terminated after he raised concerns pertaining to whether representations made by an applicant were honest and accurate, or whether they were fraudulent and inaccurate representations, which would constitute unprofessional conduct under the Nurse Practice act.

67.

Terminating Plaintiff because he reported information that he believed was unethical and a legal violation of the nurse practice act is a violation of Oregon's whistleblower retaliation statute. ORS 659A.199.

**Seventh Claim for Relief – Discrimination for Reporting Certain Violations of Health Care Standards.**
**(Against Defendant Lake District Health)**
(Violation of ORS 659A.233)

68.

Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

69.

Shortly before his termination, Defendant Dybdal involved Dr. Chen in a pending decision to hire a Nurse Practitioner. Dr. Chen identified potential misrepresentations from the Nurse Practitioner, that implicated the Nurse Practitioner Practice Act in ORS 678, a licensees' obligation

PAGE 16 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

to avoid professional misconduct, and qualifications of Nurse Practioners to work in a health care facility. Dr. Chen reported the misrepresentations to Lake District Hospital, via Mr. Dybdal.

70.

The concerns that Dr. Chen communicated in paragraph 70, were matters that if true, implicated possible violations of the requirements of Health Care Facilities as codified in ORS 441 *et seq*.

///

71.

Lake District Hospital terminated Dr. Chen in violation of ORS 659A.233 because of he raised possible violations of ORS 441 *et seq.* to Lake District Hospital.

72.

As a direct and proximate result of Defendants' actions alleged herein, Plaintiff has suffered economic loss in the form of lost wages in an amount to be proven at trial, plus interest, not to exceed $150,000.

73.

As a direct and proximate result of Defendants' actions as alleged herein, Plaintiff has suffered non-economic damages in the form of loss of reputation, emotional and mental distress, embarrassment, and humiliation for which Plaintiff seeks compensation in an amount to be proven at trial, not to exceed $500,000.

**Eighth Claim for Relief – Breach of Contract**
**(Against Defendant Lake District Health)**

74.

PAGE 17 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

Case 1:25-cv-02283-CL   Document 1   Filed 12/08/25   Page 18 of 19

The Parties entered into an Agreement that outlined the material terms of the employment relationship of Plaintiff. Plaintiff alleges the existence and enforceability of his employment contract with Lake District Hospital for purposes of his claims in this action. Lake District Hospital has at times taken the position that no binding written employment agreement exists and has relied on that position to deny that any arbitration agreement governs this dispute. Plaintiff pleads these facts without waiving his right to oppose any future attempt by Lake District Hospital to compel arbitration based on a purported written agreement that Lake District Hospital itself has disavowed or withheld.

75.

The Agreement provides that Lake District Hospital shall provide Plaintiff with 90 days notice to Plaintiff. Lake District Hospital materially breached the Agreement by terminating Plaintiff without notice.

76.

Plaintiff seeks damages for the 90 days of services he would have provided to his patients. Plaintiff's damages are in an amount to be proved at trial, but estimated not to exceed $75,000.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment as follows:

(a)   For Claims 1-7:  Economic damages in an amount not to exceed $150,000;

(b)   For Claim 1-7:  Plaintiff is entitled to non-economic damages in an amount not to exceed $500,000;

(c)   For Claim 8, Plaintiff is entitled to breach of contract damages in the amount of $75,000.

PAGE 18 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com

(d) Pursuant to ORS 659A.885, and 42 U.S.C. § 1988, an award of reasonable attorney and expert witness fees upon prevailing on plaintiff's claims;

(e) Pursuant to the Agreement, Plaintiff is entitled to reasonable attorney fees and costs upon prevailing on Claim 8.

(f) Upon prevailing on his claims, Plaintiff is entitled to pre-judgment and post-judgment interest and costs as allowed by law;

(g) On all claims, as applicable, Plaintiff is entitled to amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving a payment of wages over the applicable timeframe;

(h) Such other and further relief as the court deems just and proper.

Dated this 8th day of December, 2025.

ENGRAV LAW OFFICE, LLP

By: /s/ Grant T. Engrav
Grant T. Engrav, OSB No. 133517
Of Attorneys for Plaintiff
1500 SW First Ave Suite 1170
Portland, OR 97201

**JURY TRIAL DEMAND**

PAGE 19 – COMPLAINT

ENGRAV LAW OFFICE, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
Telephone: (971) 339-2741
Fax: (971) 275-1218
grant@engravlawoffice.com